*SUMMONS – 30 DAY*
**IN THE CIRCUIT COURT OF THE TWENTY-SECOND JUDICIAL CIRCUIT**
**McHENRY COUNTY, ILLINOIS**

(Name all parties)

Katherine Hollander

Plaintiff(s)

vs.

OSI RESTAURANT PARTNERS, LLC.
d/b/a OUTBACK STEAKHOUSE et al.

Defendant(s)

Case Number: 21LA000226

Amount Claimed $ excess of $50,000.00

## SUMMONS

To each Defendant: OSI RESTAURANT PARTNERS, LLC. et al. c/o Register Agent

Corporate Creations Inc. 350 S. Northwest HWY #300 Park Ridge, IL 60068

**YOU ARE SUMMONED** and required to file an answer in this case, or otherwise file your appearance, in the office of the Clerk of this court, McHenry County Government Center, 2200 N. Seminary Avenue, Woodstock, Illinois, 60098, within 30 days after service of this summons, not counting the day of service. **IF YOU FAIL TO DO SO, A JUDGMENT OR DECREE BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.**

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp.

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

DATE 8/31/2021 12:16 PM Electronically Issued

Katherine M. Keefe
KATHERINE M. KEEFE Clerk of Court
JGC
Deputy Clerk

20 ___

Plaintiff's attorney or plaintiff if he is not represented by an attorney

Name: Nicole L. O'Connor
Attorney for: Plaintiff
Address: 747 S. Eastwood Drive
City, State Zip: Woodstock IL 60098
Telephone: 815-338-2040
Email: noconnor@primelawgroup.com

Prepared by: Nicole L. O'Connor
Attorney Registration No.: 6336471

CV-SUM9: Revised 07-01-2018     Page 1 of 2

EXHIBIT 1

| SHERIFF'S FEES | Service and return | $ _____ |
|---|---|---|
| | Miles _____ | $ _____ |
| | Total Sheriff's Fees | $ _____ |

Sheriff of _____ County

**I CERTIFY THAT I SERVED THIS SUMMONS ON DEFENDANTS AS FOLLOWS:**

**(a) INDIVIDUAL DEFENDANTS – PERSONAL:**
The officer or other person making service, shall (a) identify as to sex, race and approximate age of the defendant with whom he left the summons, and (b) state the place where (whenever possible in terms of an exact street address) and the date and time of the day when the summons was left with the defendant.

_____

_____

_____

**(b) INDIVIDUAL DEFENDANTS – ABODE:**
By leaving a copy of the summons and a copy of the complaint at the usual place of abode of each individual defendant with a person of his family, of the age of 13 years and upwards, informing that person of the contents of the summons. The officer or other person making service, shall (a) identify as to sex, race and approximate age of the person, other than the defendant, with whom he left the summons, and (b) state the place where (whenever possible in terms of an exact street address) and the date and time of day when the summons was left with such person.

_____

_____

_____

and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully pre-paid, addressed to each individual defendant at his usual place of abode, as follows:

| Name of Defendant | Mailing Address | Date of Mailing |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

**(c) CORPORATION DEFENDANTS:**
By leaving a copy of the summons and a copy of the complaint with the registered agent, officer or agent of each defendant corporation, as follows:

| Defendant Corporation | Registered Agent, Officer or Agent | Date of Service |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

**(d) OTHER SERVICE**

_____

_____

_____, Sheriff of _____ County

By: _____, Deputy

\*\* FILED \*\* Env: 146462
McHenry County, Illin(
21LA0002
Date: 8/31/2021 12:16 F
Katherine M. Ke(
Clerk of the Circuit Co(

STATE OF ILLINOIS )ss
COUNTY OF MCHENRY )

## IN THE 22ND JUDICIAL CIRCUIT COURT OF McHENRY COUNTY, ILLINOIS
### (LAW DIVISION)

| | | |
|---|---|---|
| KATHERINE HOLLANDER, | ) | |
| | ) | IN EXCESS OF $50,000.00 |
| Plaintiff, | ) | DEMAND FOR JURY TRIAL |
| | ) | |
| vs. | ) | NO. 21LA000226 |
| | ) | |
| OSI RESTAURANT PARTNERS, LLC. | ) | |
| d/b/a OUTBACK STEAKHOUSE | ) | |
| d/b/a BLOOMIN BRANDS, INC.. | ) | |
| A foreign corporation | ) | |
| | ) | |
| Defendant | ) | |

### COMPLAINT AT LAW

NOW COMES the Plaintiff, KATHERINE HOLLANDER, by and through her attorneys, PRIME LAW GROUP, LLC., and in complaining of the Defendant, OSI RESTAURANT PARTNERS, LLC. d/b/a OUTBACK STEAKHOUSE d/b/a BLOOMIN BRANDS, INC., a foreign corporation, doing business as OUTBACK STEAKHOUSE, alleges as follows:

### I. PARTIES

1. At all times complained of herein, the Plaintiff resides at 1051 Lexington Lane, Island Lake, McHenry County, Illinois.

2. At all times complained of herein, the Defendant OSI RESTAURANT PARTNERS, LLC. D/B/A OUTBACK STEAKHOUSE D/B/A BLOOMIN BRANDS, INC.., located at 216 E. Golf Road, Schaumburg, Illinois 60173 (hereinafter referred to simply as "the premises") was and is a Delaware Corporation licensed to do business in the State of Illinois.

NOTICE
THIS CASE IS HEREBY SET FOR A SCHEDULING CONFERENCE IN COURTROOM
TBD ON 11/30/2021 , AT TBD. FAILURE TO APPEAR MAY RESULT IN
THE CASE BEING DISMISSED OR AN ORDER OF DEFAULT BEING ENTERED.

3. At all times relevant hereto, the Defendant was and is a restaurant that provided goods and services to consumers.

## II. RELEVANT FACTS

4. That on or about September 27, 2019, and at all times relevant herein, the Plaintiff, KATHERINE HOLLANDER, was lawfully on Defendant's Premises as she visited the Defendant for a dinner party and thus acted in a "business invitee" capacity.

5. As the Plaintiff walked within the Defendant's premises being escorted by the hostess to seat the Plaintiff, she was caused to fall due to a material, item and/or piece of debris improperly laying upon the floor approximately in the dinning area.

6. Defendant's premises, at all times relevant hereto, at or near the approximate area where Plaintiff fell, was not properly cleaned, maintained and/or organized so as to prevent materials/items/debris from being improperly and hazardously located on the floor.

7. Defendant's premises, at all times relevant hereto, at or near the approximate area where Plaintiff fell, failed to portray/display/warn individuals lawfully on the premises of the fact that materials/items/debris then and there improperly existed on the floor.

8. Defendant was aware that Plaintiff was caused to fall and when and where on their premises that Plaintiff was caused to fall.

9. As a direct result of the fall, Plaintiff suffered numerous injuries for which she was required to seek medical treatment and miss work.

### III. JURISDICTION AND VENUE

10. This Court has jurisdiction over the Defendant pursuant to 735 ILCS 5/2-209(a)(1-3) because the Defendant transacts business, committed a tortious act, and has ownership, use and/or possession of real estate located within the County of McHenry, and the State of Illinois. In addition, this Court has jurisdiction over the Defendant pursuant to 735 ILCS 5/209(b) because it is a corporation doing business within the State of Illinois.

### IV. COUNT I.
### NEGLIGENCE

11. The Plaintiff hereby repeats, re-alleges incorporates paragraphs 1 through 10 of this Complaint as if more fully set forth herein and as allegation number 11 of Count I herein.

12. Defendant owed a duty to all persons who lawfully entered the Premises, including but not limited to the Plaintiff, KATHERINE HOLLANDER.

13. Defendant owed a duty of reasonable care to the Plaintiff, who was lawfully on the Premises as a business invitee, in order to purchase goods and services from the Defendant.

14. The Defendant owed a duty of reasonable care to the Plaintiff and all other persons lawfully on the Premises to properly maintain, inspect, and recover any materials, items, and/or debris from its flooring so that it would not create or allow an unsafe condition on the Premises.

15. At all times relevant hereto, the plaintiff was exercising ordinary care and caution for her own safety.

16. On or about September 27, 2019, the Defendant breached its duty through one of the following negligent acts or omissions of negligence:

    a. Failed to conduct any regular inspection of the Premises under its management and control.

    b. Failed to maintain and remove materials, items and/or pieces of debris from its premises floor, which presented an unreasonable risk of harm and was unlikely to be discovered.

    c. Failed to properly, safely, promptly, and regularly inspect its Premises for unsafe conditions.

    d. Failed to warn of the risk created by the materials, items and/or pieces of debris on its floor.

    e. Failed to remedy a dangerous condition that it new, or in the exercise of ordinary care, should have known existed on its Premises.

    f. Failed to train, instruct, and/or supervise its employees on inspecting the Premises for dangerous conditions.

    g. Failed to train, instruct, and/or supervise its employees on proper and safe maintenance, cleaning, and/or removing of materials, items, and/or pieces of debris of/from the flooring in the Premises; and

    h. Failed to follow procedures for making sure the floor is free form debris or other items/materials.

17. As a direct and proximate result of one or more of the Defendant's aforementioned negligent acts and/or omissions, the Plaintiff was caused to slip and fall on a material, item and/or piece of debris on the floor of the Defendant's Premises and was severely and permanently injured.

18. As a direct and proximate result of one or more of the Defendant's aforementioned careless and negligent acts and/or omissions, the Plaintiff sustained significant injuries.

4

19. Said injuries have required that the Plaintiff undergo hospital and medical care and attention in the past and future and that the Plaintiff has incurred, and will continue to incur, medical, hospital and rehabilitative expenses in the past and future.

20. As a result of said injuries, the Plaintiff has suffered and continues to suffer a substantial amount of pain and suffering. The Plaintiff has been kept from and will be kept from her ordinary affairs and duties. The Plaintiff has incurred and will continue to incur additional expenses due to the treatment, pain, suffering, loss of normal life, and lost wages associated with and caused by injuries sustained in this occurrence.

WHEREFORE, the Plaintiff, KATHERINE HOLLANDER, prays judgment against the Defendant, OSI RESTAURANT PARTNERS, LLC. D/B/A OUTBACK STEAKHOUSE D/B/A BLOOMIN BRANDS, INC.., a foreign corporation, doing business as OUTBACK STEAKHOUSE, for a sum of money in excess of $50,000.00 plus costs of suit and pre and post judgment interest.

## V. COUNT II
## PREMISES LIABILITY

21. The Plaintiff hereby repeats, re-alleges incorporates paragraphs 1 through 20 of this Complaint as if more fully set forth herein and as allegation number 21 of Count II herein.

22. At all times relevant hereto, Defendant owed, operated, maintained, possessed and/or controlled the Premises located at 216 E. Golf Road, Schaumburg, Illinois, 60173.

23. The flooring in the Defendant's Premises had upon in materials, items and/or debris which was improperly and hazardously on the flooring, thereby causing unreasonable risk of harm to all persons who entered the Premises.

24. The Defendant knew or should have known by way of reasonable inspection, that there existed items, materials, and/or debris on their flooring which created a dangerous condition that was not likely to be discovered or appreciated by persons on the Premises.

25. At the time and place aforesaid, Defendant knew or should have known that Defendant was in violation of the Premises Liability Act, 740 ILCS 130/1, et seq. in one or more of the following ways:

    a. Failed to conduct any regular inspection of the Premises under its management and control.

    b. Failed to clean and/or maintain the flooring, which presented an unreasonable risk of harm and was unlikely to be discovered.

    c. Failed to properly, safely, promptly, and regularly clean its flooring.

    d. Failed to properly safely, promptly, and regularly inspect its Premises for unsafe conditions.

    e. Failed to warn of the risk created by the items, materials, and/or debris then and there improperly on the flooring.

    f. Failed to remedy a dangerous condition that it knew, or in the exercise of ordinary care, should have known existed on its Premises.

    g. Failed to train, instruct and/or supervise its employees on inspecting the Premises for dangerous conditions.

    h. Failed to train, instruct, and/or supervise its employees on proper and safe maintenance, cleaning, and/or removing of materials, items, and/or pieces of debris of/from the flooring in the Premises; and

    i. Failed to follow procedures for making sure the floor is free from debris or other items/materials.

26. As a direct and proximate result of one or more of the Defendant's aforementioned violations of the Premises Liability Act, the Plaintiff sustained significant injuries.

6

27. Said injuries have required that the Plaintiff undergo hospital and medical care and attention in the past and future and that the Plaintiff has incurred, and will continue to incur, medical, hospital and rehabilitative expenses in the past and future.

28. As a result of said injuries, the Plaintiff has suffered and continues to suffer a substantial amount of pain and suffering. The Plaintiff has been kept from and will be kept from her ordinary affairs and duties. The Plaintiff has incurred and will continue to incur additional expenses due to the treatment, pain, suffering, loss of normal life, and lost wages associated with and caused by injuries sustained in this occurrence.

WHEREFORE, the Plaintiff, KATHERINE HOLLANDER, prays judgment against the Defendant, OSI RESTAURANT PARTNERS, LLC. D/B/A OUTBACK STEAKHOUSE D/B/A BLOOMIN BRANDS, INC.., a foreign corporation, doing business as OUTBACK STEAKHOUSE, for a sum of money in excess of $50,000.00 plus costs of suit and pre and post judgment interest.

Plaintiff demands trial by jury.

_____
Nicole L. O'Connor

Prime Law Group, LLC
Attorneys for Plaintiff
747 S. Eastwood Drive
Woodstock, IL 60098
(815) 338-2040
ARDC# 6336471
noconnor@primelawgroup.com

STATE OF ILLINOIS )ss
COUNTY OF MCHENRY )

IN THE 22ND JUDICIAL CIRCUIT COURT OF McHENRY COUNTY, ILLINOIS
(LAW DIVISION)

| | |
|---|---|
| KATHERINE HOLLANDER, ) | IN EXCESS OF $50,000.00 |
| ) | DEMAND FOR JURY TRIAL |
| Plaintiff, ) | |
| ) | |
| vs. ) | NO. |
| ) | |
| OSI RESTAURANT PARTNERS, LLC. ) | |
| d/b/a OUTBACK STEAKHOUSE ) | |
| d/b/a BLOOMIN BRANDS, INC.. ) | |
| A foreign corporation ) | |
| ) | |
| Defendant ) | |

## AFFIDAVIT

NOW COMES the affiant, KATHERINE HOLLANDER, and states as follows:

1. That my name is KATHERINE HOLLANDER

2. That I am the Plaintiff in the above-captioned matter.

3. That I am seeking damages in excess of $50,000.00.

4. Under penalties as provided by law pursuant to Section 1-109 of the Illinois Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief, and as such matters the undersigned certifies as aforesaid that he/she verily believes the same to be true.

Further affiant sayeth not.

So, Sworn:

_____
KATHERINE HOLLANDER

Subscribed and Sworn to
before me this _____ day
of _____, 2021.

_____
Notary Public

Nicole L. O'Connor
Prime Law Group, LLC
747 S. Eastwood Drive
Woodstock, IL 60098
(815) 338-2040
ARDC# 6336471
noconnor@primelawgroup.com

8

STATE OF ILLINOIS )ss
COUNTY OF MCHENRY )

IN THE 22ND JUDICIAL CIRCUIT COURT OF McHENRY COUNTY, ILLINOIS
(LAW DIVISION)

| | |
|---|---|
| KATHERINE HOLLANDER, ) | |
| ) | IN EXCESS OF $50,000.00 |
| Plaintiff, ) | DEMAND FOR JURY TRIAL |
| ) | |
| vs. ) | NO. |
| ) | |
| OSI RESTAURANT PARTNERS, LLC. ) | |
| d/b/a OUTBACK STEAKHOUSE ) | |
| d/b/a BLOOMIN BRANDS, INC.. ) | |
| A foreign corporation ) | |
| ) | |
| Defendant ) | |

**AFFIDAVIT**

NOW COMES the affiant, KATHERINE HOLLANDER, and states as follows:

1. That my name is KATHERINE HOLLANDER

2. That I am the Plaintiff in the above-captioned matter.

3. That I am seeking damages in excess of $50,000.00.

4. Under penalties as provided by law pursuant to Section 1-109 of the Illinois Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief, and as such matters the undersigned certifies as aforesaid that he/she verily believes the same to be true.

Further affiant sayeth not.

So. Sworn:

_____
KATHERINE HOLLANDER

Subscribed and Sworn to
before me this _____ day
of _____, 2021.

_____
Notary Public

OFFICIAL SEAL
NICOLE L O'CONNOR
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:04/18/23

Nicole L. O'Connor
Prime Law Group, LLC
747 S. Eastwood Drive
Woodstock, IL 60098
(815) 338-2040
ARDC# 6336471
noconnor@primelawgroup.com

8

SEP 24 2021